**73 So.2d 450**

**WESTERN UNION TEL. CO.**

**v.**

**POLICE JURY IN AND FOR PARISH OF LAFAYETTE.**

**No. 41078.**

May 31, 1954.

533  534

Breazeale, Sachse & Wilson, Baton Rouge, for plaintiff-appellant.

Richard J Putnam, Dist. Atty., Abbeville, Bertrand De Blanc, Asst. Dist. Atty., Lafayette, for defendant-appellee.

FOURNET, Chief Justice.

The plaintiff, Western Union Telegraph Company, alleging it moved under protest at the direction of the Police Jury of Lafayette Parish—then engaged in a program of improving navigation in that parish under the authority of Act 68 of 1921 34:361 of the Revised Statutes of 1950—its telegraph line [1] constructed and maintained for many years across Vermilion river in a line paralleling the railroad bridge crossing the river at that point, as authorized by Revised Statutes 696, as amended,[2] in order that a land dredge used in connection with this improvement work might be permitted to pass over a land route rather than under the bridge and by water, instituted this suit to recover as compensation under Section 2 of Article I of the Constitution of 1921 the amount expended by it in making this change, and is appeal-

1. This necessitated the installation of a cable to permit the temporary removal of the open wire line and the re-establishment, thereafter, of a telegraph line across the river.

2. As amended by Act 124 of 1880, the pertinent portion of this statute reads: "Corporations * * * formed * * * for the purpose of transmitting intelligence by magnetic telegraph * * * may construct [and] maintain such telegraph * * * lines necessary to transmit intelligence * * * along and parallel to any of the railroads in the State, and along and over the waters of this State; provided, that the ordinary use of such roads, works, railroads and waters be not thereby obstructed * * *." (This provision, with changes that are immaterial to a decision in this case, is now incorporated in Section 45:781 of the Revised Statutes of 1950.)

ing from a judgment dismissing its suit on defendant's exceptions of no cause and no right of action.

Defendant concedes in brief, as it must, that the petition discloses a cause of action when its well-pleaded facts, if taken to be true, entitle the petitioner to the relief prayed for, but contends such is not the case here because (1) the plaintiff has failed to allege the date the cause of action arose, contrary to the provisions of Article 172 of the Code of Practice, (2) has based its action on facts that are mere conclusions of the pleader, since it has failed to allege the action taken by the police jury in directing the removal of the line across the river was authorized by resolution or ordinance, and (3) has predicated its right to recover on the fact it constructed its line pursuant to the provisions of Revised Statutes 696, as amended, although this same act provides the permit for such line was subject to the defendant's right to improve this stream for navigation, which work necessitated the passage of the dredge. Reliance is placed on the cases of Illinois Central R. Co. v. City of Mayfield, 6 Cir., 35 F.2d 808; New Orleans Gas Light Co. v. Drainage Commission of New Orleans, 197 U.S. 453, 25 S.Ct. 471, 49 L.Ed. 831, affirming 111 La. 838, 35 So. 929; and City of Shreveport v. Kansas City, S. & G. Ry. Co., 125 La. 575, 51 So. 648.

We fail to find substance in any of the contentions advanced as the basis for these exceptions of no cause and no right of action. If indeed Article 172 of the Code of Practice requires allegations with respect to specific dates, petitioner alleges the defendant, at the time of the institution of the suit (in 1947) was and had been, since 1946, engaged in the work of improving navigation in Lafayette parish. Further particularization with respect to exact days during this period on which the removal of the telegraph lines was effected, could have been elicited by way of exceptions of vagueness, or otherwise, and the question of whether the police jury's action in requiring the removal of the telegraph line was authorized by ordinance or resolution is a matter that addresses itself to the defense of the action. Under the clear provision of Revised Statutes 696, as amended, the permit under which plaintiff constructed and maintained its line over Vermilion river was subject to only one condition, that is, that it not obstruct "the ordinary use of the * * * waters". It therefore follows that having alleged its line did not obstruct the ordinary use of the waters, and that the removal of the line was ordered for the purpose of facilitating the owners of a dredge in moving it over a land route—rather than moving it under the bridge and on the river—they are entitled to prove these allegations. If they be true, then plaintiff is entitled to recover the amount expended in making this change—alleged to be $2,515, less a salvage amounting to $300.

The authorities relied on are not apposite from a legal or factual standpoint.

For the reasons assigned, the judgment appealed from is annulled and set aside; the exceptions of no cause and no right of action are overruled; and the case is remanded to the lower court for further proceedings consistent with the views herein expressed.